The decision below is hereby signed.  Dated: October 20, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
SHIRLEY E. HUGHES,                   )    Case No. 05-00488
                                     )    (Chapter 13)
            Debtor.                  )

DECISION RE APPLICATION FOR ADMINISTRATIVE EXPENSES FOR
REIMBURSEMENT FOR COPYING FILE FILED BY BERNARD ENGLANDER

This addresses the Attorney's Motion for Reimbursement of Cost for Copying File (Docket Entry No. 152) filed by Bernard Englander.  Although the case has been dismissed, the court has jurisdiction even after dismissal to review the reasonableness of an attorney's compensation for services rendered under 11 U.S.C. § 329(b).  Because Englander is not authorized under District of Columbia law to be reimbursed for the expense of making a copy of his client's file upon surrendering the file to his client, the requested reimbursement does not represent reasonable compensation for services to be rendered, and the motion will be denied.

Rule 1.16(d) of the D.C. Rules of Professional Responsibility makes clear that the files pertaining to an

attorney's representation of a client are the property of the client.  D.C. Ethics Opinions 283 and 333 address an attorney's obligation to ascertain a client's desires regarding disposition of the files and to surrender them to the client if the client so desires.  Those opinions do not condition surrender on the client's paying for the cost of an attorney's making a copy of his client's property (the files) for the attorney's own purposes.  If an attorney decides to make a copy of a client's file being surrendered to a client, the photocopying is not a service to the client but instead an expense incurred by the attorney to protect himself.

Perhaps an attorney and a client may agree at the outset that the law firm may charge for making a copy of the client file upon the client requesting a surrender of the file (instead of charging a higher hourly fee to clients that reflect this cost of doing business).  Englander, however, does not contend that his agreement regarding representing the debtor included any agreement that the debtor would pay for Englander's making copies of the file upon a surrender of the file being requested.

Finally, it is noted that if a client gives an attorney specific instructions to review a file in order to produce only selected documents, a reasonable fee may be charged for the file review.  D.C. Bar Opinion 283.  The court's order will not preclude Englander's charging such fees if he receives such

specific instructions requiring a file review.  The order instead addresses only the request for reimbursement of the expense of copying the file.

    An order follows denying the motion.

                            [Signed and dated above.]

Copies to:

Debtor; Cynthia A. Niklas; Bernard Englander; Office of United States Trustee.